COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Causey and Senior Judge Clements
Argued at Richmond, Virginia

JORDAN ALLEN REED

                                        MEMORANDUM OPINION*
v.        Record No. 0953-21-2            JUDGE ROBERT J. HUMPHREYS
                                            AUGUST 16, 2022
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                          Gordon F. Willis, Judge

        (John M. Spencer; SMK, PLC, on brief), for appellant.  Appellant
        submitting on brief.

        Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
        Attorney General, on brief), for appellee.


        Jordan Allen Reed appeals the sentence imposed upon him by the Circuit Court of the City

of Fredericksburg, on one count of voluntary manslaughter, in violation of Code §§ 18.2-35 and

18.2-30, one count of malicious wounding, in violation of Code § 18.2-51, and one count of

shooting in the commission of a felony, in violation of Code § 18.2-53.  Appellant contends that the

circuit court erred in sentencing him to an active period of incarceration that exceeds the Virginia

Criminal Sentencing Guidelines.

                                    BACKGROUND

        On May 6, 2021,[1] appellant pled guilty, without an agreement as to sentencing, to one count

of voluntary manslaughter, one count of malicious wounding, and one count of shooting in the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Under settled principles, we state the facts in the light most favorable to the
Commonwealth, the prevailing party below.  *Gerald v. Commonwealth*, 295 Va. 469, 472-73
(2018).

commission of a felony, all related to the events of September 16, 2020, in which appellant shot Connall Mullins and Emmanuel Killeen with a firearm. Before accepting appellant's guilty pleas, the circuit court conducted a thorough colloquy to ensure that appellant was entering his pleas freely and voluntarily. The circuit court specifically inquired if appellant understood the "potential range of punishment for each of these offenses," and asked if appellant had discussed the sentencing guidelines with his counsel. The court explained that the guidelines are "not binding upon the [c]ourt" and that the court "may depart from those guidelines" and, instead, sentence appellant "to the maximum penalty allowed by law." The circuit court stressed to appellant that "there is no agreement under this plea agreement as to a certain sentence," and asked if appellant understood that. Appellant stated that he understood. After its lengthy questioning, the circuit court found that appellant's pleas were entered freely, intelligently, and voluntarily and that appellant understood the nature of the charges against him and the consequences of his pleas. The circuit court then ordered a presentence investigation report (PSR) and scheduled the matter for sentencing.

At the sentencing hearing, the circuit court considered the completed PSR and numerous victim witness impact statements presented by the Commonwealth. The PSR listed appellant's criminal history and provided the circuit court with a guidelines range calling for four years and eleven months at the low end, nine years and three months at the midpoint, and eleven years and one month at the high end. After considering the facts of the case, the PSR, the victim witness impact statements, and appellant's criminal history, the circuit court sentenced appellant to ten years on the voluntary manslaughter charge with no time suspended, fifteen years on the malicious wounding charge with eight years suspended, and three years on the shooting in the commission of a felony charge with no time suspended, resulting in an active period of incarceration of twenty years. This appeal followed.

ANALYSIS

Appellant contends that the circuit court erred in sentencing him to "a term exceeding the recommended guidelines" and argues there "were no aggravating factors present" requiring "a sentence outside the recommended guideline range."

Rule 5A:18 mandates, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Appellant concedes on brief that he did not preserve an objection to the circuit court's decision to sentence him to a period of incarceration that was greater than what the guidelines recommended. Further, he does not ask this Court to hear his appeal under the ends of justice or good cause exceptions found in Rule 5A:18. We have long held that we will not raise the ends of justice or good cause exceptions *sua sponte* on a defendant's behalf. *Hammer v. Commonwealth*, 74 Va. App. 225, 236 (2022) (citing *Jones v. Commonwealth*, 293 Va. 29, 39 n.5 (2017)). Where a procedural default is not excused by either of the exceptions to Rule 5A:18, the appellant's argument is waived, and the circuit court's decision will not be disturbed. *See id.* at 236.[2]

---

[2] Even if Reed had preserved an objection below, his argument would be procedurally defaulted under Rule 5A:20(e) because his opening brief contains no principles of law or authorities in support of his assignment of error, in direct contrast to Rule 5A:20(e)'s requirements. *See* Rule 5A:20(e) ("The opening brief of appellant must contain . . . the argument (including principles of law and authorities) relating to each assignment of error.").

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.[3]

*Affirmed.*

---

[3] Reed filed two *pro se* pleadings with this Court. Reed was represented by counsel both at trial and in the course of this appeal. Because we have previously held that we need not permit hybrid representation and Reed identifies no rule of court that enables him, a party represented by counsel, to file *pro se* pleadings separately from those found worthy by his counsel, we decline to consider his pleadings. *See Hammer*, 74 Va. App. at 241-42.